THE STATE on the Relation of LOCK, Administrator, *v.* GEDDES and Others.

Debt on an official bond against *Stephen S. Colms* and others. *Non est factum* was pleaded without oyer. A bond signed by *Stephen H. Colms* was offered in evidence, which was objected to, and the Court sustained the objection. *Held*, that the decision below was right.

The State
v.
GEDDES.

Nov. Term,
1849.

Nov. Term, 1849.

THE STATE v. GEDDES.

Tuesday, January 8, 1850.

*Held*, also, that if oyer had been obtained and the bond had been set out in the plea, the variance between it and that described in the declaration could not have been taken advantage of.

ERROR to the *Kosciusco* Circuit Court.

PERKINS, J.—Debt upon a constable's bond against the principal and his sureties.

The declaration is against *Samuel Geddes, John R. Blan, Edward Archibald*, and *Stephen S. Colms*, who are alleged to have made the bond sued on.

Without oyer, the defendants pleaded *non est factum*, upon which plea there was issue. On the trial, the plaintiff offered in evidence a bond signed *Samuel Geddis, John R. Blan, Edward Archibald*, and *Stephen H. Colms*, having proved its execution by these latter persons, but not having proved the identity of *Stephen H.* and *Stephen S. Colms*. The defendants objected to the bond going in evidence, and the Court sustained the objection. Judgment for the defendants.

Had the defendants craved and obtained oyer of the bond, and set it out in their plea of *non est factum*, it would have made the bond, as set out in the plea, a part of the declaration, and the plea would have applied only to the bond so set out, not to the bond as described in the declaration ; and upon the trial, the question would have been whether the defendants executed the bond set out in the plea ; and variances between it and that described in the declaration could not have been taken advantage of. But in this case, as the plea was pleaded without oyer, the question on the trial was, " whether the deed, *as described in the declaration*, was executed by the defendants." 1 Chit. Pl. 433, 483—*Williams* v. *Bryant* 5 M. and W. 447. It appears, *prima facia*, at least, that it was not. *Stephen H.* and *Stephen S. Colms*, will not be presumed to be the same person. See *Kimmeresly* v. *Knott*, in the *English* Common Pleas, reported in the Law R. Vol. 2, 186. The declaration below was right

*Per Curiam.*—The judgment is affirmed with costs.

*J. H. Bradley* and *A. A. Hammond*, for the plaintiff.

*L. Barbour*, for the defendants.